UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

ROBERT LANGFORD,

        Plaintiff,        Case No. 1:08-v-836

v.        Honorable Paul L. Maloney

LAWRENCE STELMA et al.,

        Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff paid the $350.00 filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Stelma, Kent County Board of Commissioners, Demroy, Singleton, Thorne, McDiarmis, Case, Steel and Freeman. The Court will serve the complaint against Defendants Yacob, Burnheart, Townsend, Homes, Stonehouse, White, Carol, Krisman, Danhoise, Colten, Johnston and Bultsma.

## Factual Allegations

Plaintiff in incarcerated in the Kent County Correctional Facility (KCCF). In his amended *pro se* complaint (docket #13), Plaintiff sues Kent County Sheriff Lawrence A. Stelma, the Kent County Board of Commissioners and nineteen employees of KCCF. Plaintiff's complaint raises numerous claims

concerning the conditions of his confinement at KCCF. Plaintiff alleges that he is being denied medical treatment; that he was improperly charged for medical expenses; that he was subjected to inhumane cell conditions; and that he is not being provided with proper nutrition, resulting in significant weight loss. In addition, Plaintiff claims that Defendant Deputies Stonehouse, Homes and Towsend have subjected him to "racial slurs, vulgar obscene language and gestures, personal abuse, corporal punishment, harassment and intimidation." (Am. Compl., 5.) Plaintiff claims that he filed complaints with Sheriff Stelma and the Kent County Board of Commissioners regarding the Deputies' conduct, but no corrective action was taken. Plaintiff further alleges that he wrote to the following supervisory staff members complaining of the Deputies' abusive behavior: Captain Demroy, Captain Singleton, Sergeant Thorne, Sergeant Case, Sergeant McDiarmis, Lieutenant Freeman, Lieutenant Numan[1] and Lieutenant Steel. According to Plaintiff, they also did nothing to stop the Deputies from harassing him.

For relief, Plaintiff seeks the following (verbatim): "[M]onetary damages in the amount of $780,000,000 and 2.12 million in punitive damages; $500,000,000 punitive (medical) damage 12.35 million and each name in the above action I'm seeking $350,000,000 each person capacity for cruel & unusual punishment . . . ." (Am. Compl., 9.)

**Discussion**

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v.* Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations repecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need

---

[1] Lieutenant Numan is not listed as a Defendant in the complaint.

not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombley*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

With regard to Defendants Stelma, Kent County Board of Commissioners, Demroy, Singleton, Thorne, Case, McDiarmis, Freeman and Steel, Plaintiff claims only that they failed to conduct an investigation or take corrective action in response his letters. A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). As the Sixth Circuit repeatedly has emphasized:

> Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *accord Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Plaintiff has failed to allege that Defendants Stelma, Kent County Board of Commissioners, Demroy, Singleton, Thorne, Case, McDiarmis, Freeman and Steel engaged in any active unconstitutional behavior or authorized, approved or knowingly acquiesced in the conduct. Accordingly, Plaintiff fails to state a claim against them.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Stelma, Kent County Board of Commissioners, Demroy, Singleton, Thorne, Case, McDiarmis, Freeman and Steel will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Yacob, Burnheart, Townsend, Homes, Stonehouse, White, Carol, Krisman, Danhoise, Colten, Johnston and Bultsma.

An Order consistent with this Opinion will be entered.


Dated:   January 14, 2009                         /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  Chief United States District Judge