UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                            |
                                            |
ROBERT LANGFORD #156621,                    | Case No. 1:08-cv-836
                                            |
    Plaintiff,                              |
                                            | HONORABLE PAUL L. MALONEY
    v.                                      |
                                            | Magistrate Judge Joseph G. Scoville
UNKNOWN YACOB,                              |
CATHY WHITE,                                |
UNKNOWN CAROL, Doctor,                      |
JOHN CRISMAN, Doctor,                       |
CARA DANHOISE,                              |
MARY COLTEN,                                |
CARMALLA JOHNSTON,                          |
                                            |
UNKNOWN BURNHEART, Sergeant,                |
UNKNOWN TOWNSEND, Deputy,                   |
UNKNOWN HOMES, Deputy,                      |
RUSS STONEHOUSE, Sergeant, and              |
UNKNOWN BULTSMA, Deputy,                    |
                                            |
    Defendants.                             |
                                            |
_____

## OPINION and ORDER

**Affirming the Magistrate Judge's Order of June 9, 2009:**
Denying Plaintiff's Motion for Default Judgment
as to Defendants Yacob, White, Carol, Crisman, Danhoise, Colten, and Johnston

On June 8, 2009, plaintiff Robert Langford filed an application for entry of default judgment against seven defendants: "medical staff Cathy White, Dr. Bill Yacob, Dr. Carol, Dr. John Krisman, Cara Danhoise, Marry Colten, Carmalla Johnston." Doc. # 36. On June 9, 2009, the Honorable

Joseph G. Scoville, United States Magistrate Judge, issued an order stating as follows, in its entirety:

> Plaintiff has again moved for a default judgment against certain named defendants. The record does not disclose that these defendants were ever properly served with process. Plaintiff's own motion admits that he mailed the summons and complaint to Sheriff Lawrence Stelma, apparently on the theory that service upon the sheriff was tantamount to service upon the other defendants. Plaintiff is mistaken.
>
> Rule 4(e) of the Federal Rules of Civil Procedure allows service of process by delivering a copy to the individual personally, leaving a copy at the individual's dwelling with a person of suitable age and discretion, or delivering a copy to an agent authorized by appointment or by law to receive service of process. Because plaintiff has not effected service in any of the ways allowed by Rule 4(e), this court does not yet have jurisdiction over defendants Cathy White, Dr. Bill Yacob, Dr. Carol, Dr. John Crisman, Mary Colten, or Carmilla Johnston.

Document #37 (paragraph break added) at 1. The Magistrate accordingly denied Langford's motion for a default judgment against those un-served defendants. *See id.* at 2.

On July 15, 2009, Langford filed a motion for a status conference, *see* Doc. #39; by order dated July 21, 2009, the Magistrate denied Langford's motion but extended his time to serve Yacob, White, Carol, Crisman, Danhoise, Colten and Johnston until August 20, 2009, *see* Doc. #40.

So far as the record reflects, Langford still has not effected valid service on these seven defendants. Instead, on August 21, 2009, Langford filed a "motion to be heard on oral argument on dismissal against Defendants Yacob, Cathy White, Dr. Carol, Dr. John Krisman, Cara Danhoise, Mary Colten and Johnston", *see* Doc. #37, which the court construes as an appeal from the Magistrate's June 8, 2009 denial of his application for default judgment against those defendants. *See Fitts v. Sicker*, 232 F. App'x 436, 443 (6th Cir. 2007) ("Magistrate Judge Greeley held he could not order the MDOC to provide an address they did not possess. Accordingly, Fitts' motion to re-serve the complaint was denied. *Fitts filed objections to this order, which Judge McKeague construed as an appeal*.") (emphasis added), *cert. denied*, – U.S. –, 128 S.Ct. 891 (2008).

Although Langford requested default judgment, the court could only enter default, not default judgment, at that stage of the proceedings. Default itself would not have been conclusive of Langford's claims against these defendants; further action would have been necessary. Accordingly, the Magistrate Judge was ruling on a non-dispositive matter. Because the Magistrate Judge's order ruled on a non-dispositive issue pursuant to 28 U.S.C. § 636(b)(1)(A) – not a dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B), this court may disturb the Magistrate's order only if it was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. P. 72(a). "This standard is necessarily deferential . . . ." *Welch v. Taylor*, 2008 WL 2743933, *1 (W.D. Mich. July 10, 2008) (Enslen, J.).[1]

This court will find a magistrate's legal conclusion to be "contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Kovats*, 2008 WL 2095423 at *1 (quoting *Botta v. Barnhart*, 475 F. Supp.2d 174, 179 (E.D.N.Y. 2007) (quoting *Catskill Dev., LLC v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))).

This court will find a magistrate's factual finding to be "'clearly erroneous when, although there may be evidence to support it, the . . .court, [considering the entire evidence], is left with the definite and firm conviction that a mistake has been committed.'" *NEFT, LLC v. Border States Energy, LLC*, – F. App'x –, –, 2008 WL 4613577, *2 (6th Cir. Oct. 15, 2008) (Richard Allen Griffin, J.) (quoting *US v. Ellis*, 497 F.3d 606, 611 (6th Cir. 2007)); *see also Kovats v. State of Michigan*, 2008 WL 2095423, *1 (W.D. Mich. May 16, 2008) (Paul L. Maloney, J.) (citing *US v. US Gypsum*

---

[1] If the matter were treated as a dispositive one, the Magistrate's R&R would be subject to *de novo* review (not merely clear-error / contrary-to-law review) to the extent that Langford filed specific, supported objections identifying purported defects in its reasoning. Nonetheless, the result would be the same: the Magistrate Judge committed no error under either standard of review.

*Co.*, 333 U.S. 364, 395 (1948) (explaining the clear-error standard of FED. R. CIV. P. 52(a)). This court's review of a Magistrate Judge's factual findings on a 28 U.S.C. § 636(b)(1)(A) referral is even more deferential than its review of her legal conclusions. *Burket v. Hyman Lippitt, P.C.*, 2006 WL 2309843, *2 (W.D. Mich. Aug. 9, 2006) (citing, *inter alia*, *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (Enslen, J.)).

Finally, on appeal from a magistrate judge's order, a district judge need not and typically does not consider arguments which the party failed to present before the magistrate judge in the first instance. *See Marr v. Foy*, 2008 WL 5111849, *4 (W.D. Mich. Dec. 3, 2008) (Maloney, C.J.).

With his appeal, Langford filed a letter from Varnum, Riddering attorney Paul J. Greenwald, Esq., dated May 13, 2009, which states as follows, in its entirety:

> Dear Mr. Langford:
>
> I am writing to confirm that Varnum does represent Sgt. Bernhardt, Deputy Townsend, Deputy Holmes, Deputy Stonehouse, and Deputy Bultsma in this matter. I have filed an answer and appearance on their behalf.
>
> *I have also made sure that the complaints were forwarded to officials of Prison Health Services and I am aware that they have directed it to attorneys who will be filing an answer or response.*
>
> In the normal course of events, the Court should be requesting status reports and then issuing a case management order pursuant to Rule 16 in the foreseeable future. I appreciate your time and cooperation in this matter.

Doc. #41, Ex. 1 (paragraph breaks added).

On August 26, 2009, these defendants filed a brief in opposition to Langford's appeal of the default-judgment ruling. *See* Doc. #42 (brief) and #43 (certificate of service). On September 29, 2009, Langford attempted to file a document apparently related to this appeal, but the Magistrate rejected it on October 1, 2009, because it lacked an original signature as required by Fed. R. Civ.

P. 11(a), *see* Doc. #44. Langford resubmitted the same document, this time signed, and it was accepted for filing on October 27, 2009, *see* Doc. #45. Out of an abundance of caution, the defendants re-filed their brief opposing Langford's appeal, making clear that it was a response to his signed, resubmitted appeal brief, *see* Doc. #46 (brief) and #47 (certificate of service).

**Under the standard enunciated above, Langford fails to show any basis for disturbing the Magistrate Judge's denial of his default-judgment application.** Langford merely complains, in effect, that he disagrees with the Magistrate's ruling and that the law *should* treat his method of attempted service (and the other defendants' counsel's "courtesy" forwarding of the complaint) as valid service of process on the aforementioned defendants. He makes no attempt to show that he effected valid service on these persons by one of the means permitted by the Federal Rules of Civil Procedure, so he has not shown that he was entitled to default judgment against them.

**"Without proper service of process, the district court is without jurisdiction to make an entry against a defendant pursuant to Rule 55(a) . . . ."** *Sandoval v. Bluegrass Reg. Mental Health-Mental Retardation Bd.*, No. 99-5018, 229 F.3d 1153, 2000 WL 1257040, *5 (6th Cir. July 11, 2000) (Nelson, Cole, W.D. Mich. D.J. Quist) (citing 10A Wright, Miller & Kane's FED. PRAC. & PROC. Civil 3d § 2682). *See, e.g., Wood*, 2008 WL 4425577, *4 (W.D. Mich. Sept. 25, 2008) ("On plaintiff's motion to reconsider the denial of default judgment, the court explained that plaintiff failed to serve a private corporation in the manner provided by rule and that he could not serve a private corporation in the manner provided for individuals."); *Sullivan v. AIG, Inc.*, 2008 WL 4056366, *3 n.2 (E.D. Ky. Aug. 27, 2008) (Hood, Sr. J.) ("Defendants were never served with

process in the original action and default judgment was entered against them. The default judgment was set aside."); *Mosley v. Faurecia Automotive Seating, Inc.*, 2008 WL 1925051, *3 (E.D. Mich. May 1, 2008) (Hluchaniuk, M.J.) ("Given that Plaintiff failed to serve the summons and complaint *properly* . . . , the entry of default should be set aside . . . .") (emphasis in original); *Van Diver v. Martin*, 304 F. Supp.2d 934, 936 (E.D. Mich. 2004) (Cleland, J.) ("Plaintiffs' request for an entry of default against Defendants DeBruyn and King was denied because these Defendants were never served.").

**Counsel Greenwald's Lack of Actual Authority to Accept Service on Behalf of These Defendants.** It may well be that Langford sincerely believed he had properly served these defendants through counsel Greenwald (who represents another group of defendants in this case). But whatever the other defendants' counsel did or promised to do with regard to giving copies of the complaint to *these* defendants, and whatever Langford believed, nothing in the record suggests that Greenwald was actually an agent of these defendants or otherwise authorized to accept service for them. "'[I][n the absence of an actual appointment [of an agent], service of process is ineffective.'" *McCombs v. Granville Exempted Vill. Sch. Dist.*, 2009 WL 467066, *4 (S.D. Ohio Feb. 24, 2009) (James Graham, J.) (quoting *Whisman v. Robbins*, 712 F. Supp. 632, 636 (S.D. Ohio) (Rice, J.) and citing *O'Meara v. New Orleans Legal Assistance Corp.*, 1991 WL 110401 (E.D. La. June 10, 1991) ("[The] individual sought to be served must have actually authorized another to accept service of process on the would-be principal's behalf; delivery to a purported agent does not constitute service on the would-be principal, even if the 'agent' represents himself to be so authorized or accepts service.")).

**Nor can it be said that counsel Greenwald had "apparent authority" to accept service on behalf of these defendants.** For this purpose, "[a]pparent authority arises when the 'principal holds out another as possessing certain authority, thereby inducing third parties reasonably to believe, that such authority exists even when it does not.'" *McCombs*, 2009 WL 467066 at *5 (quoting *Select Creations, Inc. v. Paliafito America, Inc.*, 830 F. Supp. 1223, 1235 (E.D. Wis. 1993)). "There must be evidence 'that *the defendant* intended to confer such authority on the agent.'" *McCombs*, 2009 WL 467066 at *5 (emphasis added) (quoting *Blair v. City of Worcester*, 2006 WL 1581582 (D. Mass. Mar. 13, 2006) and citing *Select Creations*, 830 F. Supp. at 1235 (apparent authority can be created only by the principal's representations to a third party)). That is, an agent (counsel Greenwald) "'cannot create apparent authority by her own actions or representations.'" *McCombs*, 2009 WL 467066 at *5 (quoting *Select Creations*, 830 F. Supp. at 1235) (other citation omitted).[2]

Here, nothing in the record suggests that these intended defendants did or said something which could lead Langford to believe – reasonably, if mistakenly – that counsel Greenwald was

---

[2]

Some federal courts have gone further, stating that "[t]he doctrine of apparent authority . . . has no applicability to the issue of service of process. [F]ederal courts have consistently held that agency for purpose of service of process cannot be created by apparent authority." *Annuity Plan of the Int'l Union of Operating Engineers Local No. 649 v. Dem/Ex Group, Inc.*, 2008 WL 4491951, *2 (C.D. Ill. Oct. 2, 2008) (Gorman, M.J.) (collecting N.D. Ill. and Illinois state cases).

This court need not go so far today, and it is reluctant to do so in light of Michigan precedent regarding apparent authority in the service-of-process context. *See Rios v. Niagara Mach. & Tool Works*, 86 F.R.D. 383, 386-87 (W.D. Mich. 1980) (Benjamin Gibson, J.) (treating apparent-authority doctrine as applicable to service-of-process context, though determining that recipient of summons and complaint there lacked apparent authority to accept service under the particular facts) (citing Michigan decisions on apparent authority). The court determines only that, even if the doctrine of apparent authority applies to service of process, its requirements were not satisfied by counsel Greenwald's representation to plaintiff Langford that he had conveyed, or would convey, copies of the complaint to the other intended defendants, who were not his clients.

authorized to accept service of process on their behalf. *See Laffey v. Plousis*, 2008 WL 305289, *5 (D.N.J. Feb. 1, 2008) (rejecting plaintiff's argument that delivery of summons and complaint to U.S. Marshals Office employee satisfied Fed. R. Civ. P. 4(e)(2)(C), because the individual Marshal defendants did not act in a manner which implied that the employee was authorized to accept service) (citing *Elkins v. J.A. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003) (duty officer at police station did not have apparent authority to accept service on behalf of defendant police officer, because defendant never made any personal representations suggesting that the duty officer was his agent for that or any other purpose)).

**The court cannot overlook counsel Greenwald's lack of actual or apparent authority to accept service on behalf of persons who were not his clients/principals by dismissing it as a "technicality."** *See Roper v. Mortg. Electronic Sys.*, 2008 WL 275689, *2 (E.D. Mich. Jan. 31, 2008) (Steeh, J.) ("Good cause exists to set aside the default against St. Francis in this case because plaintiffs did not effectuate proper service of the Summons or Complaint pursuant to FED. R. CIV. P. 4. *The biggest problem with plaintiffs' attempt at service is that they did not serve an officer, registered agent, or other authorized person.*") (emphasis added); *Rivera v. Bank One*, 145 F.R.D. 614, 626 (D.P.R. 1993) ("A sworn statement submitted by plaintiff's process server . . . states that he served a certain Stephanie Stevens at defendant's legal department and that she represented herself as authorized to accept service of process. At the time the alleged process was served, Bank One did not have an employee by the name Stephanie Stevens . . . . Apparently the individual's name was Stephanie Saunders and she is not authorized to accept service of process. Thus, plaintiff has failed to comply with Rule 4(d)(3) . . . . Accordingly, there court hereby ORDERS the service

of summons upon Bank One to be QUASHED.") (capitalization in original).

**The court can understand a *pro se* party's frustration at being told that service was ineffective when he was expressly assured, by a reputable person, that the necessary documents had been conveyed to the intended defendants. But an honest effort is no substitute for strict compliance with the service requirements of the Federal Rules of Civil Procedure.** *See Thomas v. Joseph Const. Co.*, 2008 WL 821976, \*3 (E.D. Tenn. Mar. 26, 2008) (Thomas Phillips, J.) ("Because plaintiff has failed to serve properly defendants Massengill and Loveday, this court cannot authorize an entry of default. The court echoes Judge Shirley in sympathizing with plaintiff's frustration in his attempts to serve these defendants; nevertheless, plaintiff must comply with the strictures of the Federal Rules of Civil Procedure and properly commence the suit against all defendants.").

This is true even when the person assuring the plaintiff of the propriety or completion of service is an attorney. Indeed, a plaintiff cannot cite such assurances as an excuse for failing to effect service in a manner permitted by the Rule *even when the assurance comes directly from a court employee*. For example, in *Soni v. Holtzer*, 255 F. App'x 614 (3d Cir. 2007), a *pro se* plaintiff filed suit in the U.S. District Court for the District of New Jersey in August 2006. *See Soni*, 255 F. App'x at 615. She sent the summons and complaint by certified mail to what she believed were the defendants' business addresses in New York; when they did not file answers or dispositive motions, the *pro se* plaintiff moved for default judgment. *See id.* at 615. The district court ultimately dismissed the complaint as to those defendants, explaining that certified mail was not a means of service permitted by Federal Rule of Civil Procedure 4 or the applicable state law. *See id.* at 616.

The Third Circuit affirmed, writing as follows:

> The District Court was correct that Soni failed to effect proper service of process on most defendants. It appropriately sympathized with the difficulties that a *pro se* plaintiff may face in attempting to effect service of process. *The difficulties here were further compounded by allegedly inaccurate advice received from the District Court Clerk's office. Nevertheless, the District Court properly recognized that it remains the Plaintiff's duty to serve process on the named defendants in a manner consistent with the Federal Rules of Civil Procedure.*
>
> Regarding Soni's initial attempt at service before filing her default judgment motion, service of process by certified mail in such circumstances was not authorized by the federal service-of-process rule, New Jersey law (as the state in which the district court was located), or New York law (as the state in which defendants were allegedly served). *See, e.g.,* FED. R. CIV. P. 4(e)(2), (i)(2)(B); N.J. CT. R. . . . ; N.Y. C.P.L.R. . . . . Her subsequent efforts to effect service through professional process servers were likewise unsuccessful.

*Soni*, 255 F. App'x at 616-17 (paragraph break added, emphasis added).

Finally, even assuming *arguendo* that counsel Greenwald did forward copies of the complaint and summons to the intended defendants Yacob *et al.*, that does not render service proper. The fact that these intended defendants received notice of the suit and the nature of Langford's claims does not substitute for compliance with Rule 4. "[A]lthough it is true that one of the purposes of the rules regarding service of process is to provide notice . . . 'notice cannot by itself validate an otherwise defective service.'" *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996) (quoting *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993)).

Thus, Langford fails to show that the Magistrate's ruling rested on any factual findings which were clearly erroneous or any legal conclusions which were contrary to law. Instead, Langford merely provides unfounded assertions that the Magistrate is biased against him, assertions which

find no support in the record and which this court rejects.

## **ORDER**

Plaintiff's "Motion to be Heard on Oral Argument on Dismissal against Defendants Yacob, Cathy White, Dr. Carol, Dr. John Krisman, Danhoise, Colten, and Johnston" **[# 41] is DENIED.**

The Magistrate Judge's Order dated June 9, 2009 **[document # 37] is AFFIRMED**.

Default judgment **SHALL NOT** be entered against the aforesaid persons.

This is not a final and appealable order.

**IT IS SO ORDERED** on this 4th day of November 2009.

/s/ Paul L. Maloney
Honorable  Paul L. Maloney
Chief United States District Judge