UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| ROBERT LANGFORD, # 156621, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-836 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| TIMOTHY BERNHARDT, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint arises out of his confinement in 2008 at the Kent County Correctional Facility (KCCF), initially as a detainee on felony charges, and later as a convicted felon awaiting sentencing. The defendants are county employees: Sergeant Timothy Bernhardt and Deputies Randy Townsend, Chris Holmes, Russ Stonehouse, and Daniel Bultsma. Plaintiff alleges that defendant Bernhardt violated his rights under the Fourteenth Amendment's Due Process Clause on January 8, 2008, the date of his arrest, because his maximum security jail cell was cold, a window was broken, and he did not receive "extra" blankets until they were issued by third-shift supervisors. (Am. Compl. at 3, docket # 13, ID# 39). On September 29, 2008, plaintiff threw urine on Deputy Holmes. Plaintiff attempts to justify his attack on Deputy Holmes as his response to verbal harassment by defendants Stonehouse, Holmes, and Townsend, and stress, depression, loss of appetite, and an inability to sleep. (*Id.* at ID# 41). Defendant Bultsma is mentioned in plaintiff's amended complaint (*Id.* at

ID#s 37, 38), but there are no specific factual allegations against him.[1]  Plaintiff seeks an award of damages.[2]

The matter is before the court on defendants' motion for summary judgment.  (docket # 74).  Plaintiff has filed his response (docket # 97) and the matter is ready for decision.  For the reasons set forth herein, I recommend that the court, in its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims.  I further recommend that defendants' motion for summary judgment be granted, and that a final judgment be entered in defendants' favor on all plaintiff's federal claims for damages.

## **Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *Kizer v. Shelby County Gov't*, 649 F.3d 462, 466 (6th Cir. 2011).  The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that

---

[1]A *pro se* complaint that merely names a person as a defendant without alleging specific conduct by that individual is subject to summary dismissal as frivolous.  *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1994); *Cameron v. Howes*, No. 1:10-cv-539, 2010 WL 3885271, at * 6 (W.D. Mich. Sept. 28, 2010) (collecting cases).

[2]Damages have always been the primary object of plaintiff's amended complaint.  (Am. Compl., ID#s 43-44).  The body of his pleading includes a reference to an "injunction" (*Id.* at ID# 42), but plaintiff has recently made pellucid that he is not asserting any claim for injunctive relief. (docket # 101, ID# 443) ("[I]n my original and amend[ded complaint] I did not seek injunctive relief.").  Plaintiff has abandoned any claims for injunctive relief.  Further, if plaintiff had not abandoned such claims, they would have been dismissed as moot.  Plaintiff is an inmate at the Marquette Branch Prison (MBP).  Defendants are employed at KCCF.  *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

-2-

one party must prevail as a matter of law.'" *Pittman v. Cuyahoga County Dep't of Children & Family Services*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The court must draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). *Fed. R. Civ. P.* 56(c)(1). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e)(2), (3); *see Clark v. Walgreen Co.*, 424 F. App'x 467, 471 (6th Cir. 2011). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Hirsch v. CSX Transp., Inc.*, 656 F.3d 359, 362 (6th Cir. 2011).

## **Proposed Findings of Fact**

The following facts are beyond genuine issue. On January 8, 2008, plaintiff was arrested on felony charges and was held at the Kent County Correctional Facility (KCCF). Sergeant

Timothy Bernhardt and Deputies Randy Townsend, Chris Holmes, Russ Stonehouse, and Daniel Bultsma are employed by Kent County at KCCF.

### 1.       Cell Temperature

On January 8, 2008, the date of plaintiff's arrest, his cell was cold and he did not receive "extra" blankets until they were provided by the jail's third-shift supervisors.  (docket # 91, Plf. Dep. at 17-19, ID# 386).  A window in the cell was broken out and plaintiff was not moved to another cell "until around March." (docket # 97, ID# 416).  Defendant Bernhardt did not work in the "upper max" are of the jail where plaintiff was housed.  (Bernhardt Aff. ¶ 6, docket # 91, ID# 372).

On September 3, 2008, plaintiff filed this lawsuit.[3]

### 2.       Plaintiff's Assault on Deputy Holmes

On September 29, 2008, plaintiff assaulted Deputy Holmes by throwing urine on him.[4]  Plaintiff concedes that the moving defendants had nothing to do with the conditions of his confinement during the 15-day disciplinary cell restriction he received as a consequence of his misconduct:

Q.       Okay.  Now in regards to the five named defendants here, what specifically, if anything, did they do or not do in regards to these conditions in this cell block?

A.       Well, they had nothing to do with max period.

Q.       Okay.

---

[3] Plaintiff filed his initial complaint shortly before the start of his criminal trial and his assault on Deputy Holmes.  He filed his amended complaint on  December 17, 2008, and it supersedes his initial complaint and renders the earlier pleading a nullity.  *See B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 267 n.8 (6th Cir. 2008).

[4] Plaintiff has a history of incorrigible jail behavior.  (Plf. Dep. at 34-37, ID#s 390-91).

A.      They don't work in max.

Q.      So basically, those other complaints about the cell are basically directed at parties that are not here today?

A.      Yes.

(Plf. Dep. at 20, ID# 387; Holmes Aff. ¶ 6, ID# 370; Bernhardt Aff. ¶ 6, ID# 372; Townsend Aff. ¶ 6, ID# 374; Bultsma Aff. ¶ 6, ID# 376; Stonehouse Aff. ¶ 6, ID # 378).  Plaintiff attempts to justify his attack on Holmes as his response to verbal harassment by Deputies Stonehouse, Holmes, and Townsend.  (Plf. Dep. at 21-23, 40-41, ID#s 387, 392).  He states that on an unspecified occasion, defendant Bultsma made "slurs."  (*Id.* at 38, ID# 391).

On November 6, 2008, a Kent County jury found plaintiff guilty of assault with intent to do great bodily harm less than murder, assault with a dangerous weapon, carrying a concealed weapon, and carrying a concealed weapon with unlawful intent.  On December 30, 2008, plaintiff was sentenced to lengthy prison terms as a habitual offender, fourth felony offense, and transferred into the custody of the Michigan Department of Corrections.

## Discussion

### 1.      Verbal Harassment

Plaintiff's claims that Deputies Stonehouse, Holmes, Townsend, and Bultsma used offensive language are not claims of constitutional dimension.  Use of harassing or degrading language by a jail official, although unprofessional and deplorable, does not rise to constitutional dimensions.  *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir.2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Brown v. Toombs*, No. 92-1756, 1993 WL

11882 (6th Cir. Jan.21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."). Sergeant Bernhardt is entitled to judgment in his favor as a matter of law because liability of supervisory officers under 42 U.S.C. § 1983 cannot be based upon a *respondeat superior* theory. *See Siggers v. Campbell*, 652 F.3d 681, 695 (6th Cir. 2011); *Colvin v. Caruso*, 605 F.3d at 292.

### 2.     Conditions of Confinement

Plaintiff alleges that defendant Bernhardt violated his Eighth Amendment rights because plaintiff's cell was cold and he did not receive extra blankets until they were provided by the jail's third-shift supervisors. He states that a window in the cell was broken out and that he was not moved to another cell until around March 2008. The Eighth Amendment[5] prohibits conduct by jail officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d at 954. It also requires that prisoners be provided with the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The function of a federal court in a conditions-of-confinement case is not how best to operate a jail prison facility, nor to decide what is most desirable to the inmates. *Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985). "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

---

[5]As a pretrial detainee, plaintiff's constitutional rights were secured through the Fourteenth Amendment's Due Process Clause rather than directly from the Eighth Amendment's prohibition against cruel and unusual punishment. Through the Fourteenth Amendment, pretrial detainees are entitled to the same Eighth Amendment protections as convicted prisoners. *See Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010); *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008).

Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Eighth Amendment claims based upon the conditions of a prisoner's confinement must meet both an objective and subjective standard. *See Wilson v. Seiter*, 501 U.S. 294 (1991). Objectively, the condition of confinement complained of must amount to an "extreme deprivation." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). Subjectively, plaintiff must assert facts showing that defendant acted with "deliberate indifference" to a substantial risk. *See Farmer v. Brennan*, 511 U.S. at 834. Plaintiff falls short of establishing a genuine issue of fact for trial on the objective and subjective components of an Eighth Amendment claim against defendant Bernhardt.

"Extreme deprivations" are required to satisfy the objective component in a conditions-of-confinement case. *Hudson v. McMillian*, 503 U.S. at 8-9; *Hadix*, 367 F.3d at 525. The objective component requires the court "to assess whether society considers the risk complained of to be so grave that it violates contemporary standards of decency to expose <u>anyone</u> unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). In assessing whether an alleged Eighth Amendment violation on the basis of exposure to cold temperatures satisfies the objective component, courts look to the duration of exposure and totality of conditions contributing to the alleged deprivation. *See Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006); *Palmer v. Johnson*, 193 F.3d 346, 353 (5th Cir. 1999). The brief period plaintiff waited to receive extra blankets falls well short of satisfying the objective component. Plaintiff states that he was housed for up to three months in a cell that was missing a window. (docket # 97, ID# 416).

-7-

Although plaintiff characterizes his maximum security cell as "cold," he offers no evidence regarding his cell's actual temperature during the period at issue.  On this extraordinarily thin record, no reasonable trier of fact could find in plaintiff's favor on the objective component of his Eighth Amendment claim.  The Constitution does not mandate comfortable maximum security jail cells.

Plaintiff fails to raise a genuine issue of fact for trial on the subjective component. No reasonable trier of fact could find on this record that defendant Bernhardt acted with "deliberate indifference" to any substantial risk of harm.  *See Farmer v. Brennan*, 511 U.S. at 834.  Bernhardt did not work in the "upper max" area of the jail where plaintiff was housed.

### 3.    Supplemental Jurisdiction

Plaintiff asks the court to exercise jurisdiction over purported state-law claims. (docket # 13, ID# 43).  "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003).  Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over a plaintiff's state-law claims.  *See* 28 U.S.C. § 1367(c)(3); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009). There is no reason in this case to depart from the general rule.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the court, in its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims. I further recommend that defendants' motion for summary judgment (docket # 74) be granted, and that a final judgment be entered in defendants' favor on all plaintiff's federal claims.


Dated:   December 22, 2011          /s/  Joseph G. Scoville
                                    United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).